## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### OCTOBER 1997 SESSION



**FILED**

**November 13, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9705-CR-00180 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Bernie Weinman, Judge |
| | ) |
| **MICHAEL MOORE,** | ) (Sale of Cocaine) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

A C Wharton
Shelby County Public Defender

Edward G. Thompson
Assistant Public Defender

Sherry Brooks
Assistant Public Defender
201 Poplar Avenue, Second Floor
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243

William L. Gibbons
District Attorney General

P.T. Hoover
Assistant District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael Moore, was convicted by a jury of selling cocaine. He received a ten-year sentence as a Range III, persistent offender.[1]  He appeals his conviction and sentence alleging that the trial court erred in failing to correctly charge the jury and failing to articulate the factors used in computing his sentence.  Upon review, we affirm.

The appellant contends that the trial court should have instructed the jury with the law regarding the casual exchange of drugs.  Generally, the sale of a controlled substance in Tennessee is a felony.  Tenn. Code Ann. § 39-17-417 (1991).   However, the sale can be a misdemeanor if the controlled substance was "casually exchanged."   Tenn. Code Ann. § 39-17-418 (1991).  A casual exchange results when the transfer is made without design.  State v. Helton, 507 S.W.2d 117, 120 (Tenn. 1974).  The state contends that because the evidence clearly showed that the appellant acted with a definite design, the charge was not warranted.   At the motion for new trial hearing, the trial judge stated that he felt that the facts of this case did not support such a charge.

A criminal defendant has a constitutional right to a correct and complete charge of the law.  State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990).  However, to be entitled to a charge on a lesser grade or class of the charged offense, there must be some evidence to support the lesser offense.  State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996).

The record reveals that the appellant flagged down two undercover police officers driving through a residential area.  The appellant approached the driver and asked what she needed.  The police officer told the appellant that she wanted a $20 piece of cocaine.  The appellant walked over to another man and

---

[1]Note that a discrepancy exists between the judgment sheet and the sentencing hearing transcript.  Please see the latter part of this opinion for a discussion of this oversight.

retrieved a piece of rock cocaine.  The police officer paid the appellant $20, took the cocaine, and left.  The appellant was then arrested.

We find that the trial court was correct in disallowing the charge on casual exchange.  Nothing presented at trial indicates that the appellant possessed any other motive for the transfer except pecuniary gain.  See, State v. Prince, 713 S.W.2d 914 (Tenn. Crim. App. 1986).  The evidence clearly illustrates that he was acting with a clear, definite design.  Therefore, the facts did not support a charge concerning the casual exchange of cocaine.  This issue is without merit.

The appellant next contends that he is entitled to a new sentencing hearing because the trial judge failed to articulate on the record his reasons for the appellant's ten-year sentence.  We disagree.

We first note that a discrepancy exists between the judgment sheet and the sentencing hearing transcript.  The judgment sheet indicates that the appellant was convicted of a Class C felony as a Range III, persistent offender.  The sentencing range for a Range III, persistent offender convicted of a Class C felony is not less than ten years nor more than fifteen years.  Tenn. Code Ann. § 40-35-112(c)(3) (1990).  The appellant was sentenced to 10 years incarceration, the presumptive minimum within Range III.  However, the sentencing transcript states that the appellant was a Range II, multiple offender.  Upon review of this situation, we feel that the trial judge and the attorneys for both sides misstated the appellant's classification.  It is clear that the prosecutor proved the requisite felony convictions to classify the appellant as a Range III, persistent offender.  The defense attorney stipulated to these convictions.  Furthermore, the defense attorney asked the judge "to consider imposing the minimum amount of time in this case, which would be ten years at 45 percent."  This request obviously refers to the minimum sentence for a Class C felony committed by a Range III, persistent offender.  Tenn. Code Ann. § 40-35-112(c)(3) (1990).  Therefore, we

find the judgment sheet classifying the appellant as a Range III, persistent offender to be correct.

We find that the trial judge's determination to sentence the appellant to the presumptive minimum of ten years at forty-five percent to be appropriate. This issue is without merit.

Accordingly, finding no error of law mandating reversal, we affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge